FILED

14 MAR -5 AM 8:15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STEVEN DAVIS, Booking #13711805,<br><br>    Plaintiff,<br><br>vs.<br><br>KYLE SUTTERLY, Deputy District Attorney; DISTRICT ATTORNEY'S OFFICE, San Diego County; STATE OF CALIFORNIA,<br><br>    Defendants. | Civil No.   13cv2295 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**(2) DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND TO APPOINT COUNSEL AS MOOT**<br><br>**[ECF Doc. Nos. 2, 3]** |

Edward Steven Davis ("Plaintiff"), currently incarcerated at George F. Bailey Detention Facility in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff challenges the validity of his arrest and ongoing criminal prosecution in San Diego Superior Court on grounds that the District Attorney's Office and several of its deputy prosecutors have violated his right to due process by failing to disclose evidence which "clearly exonerates [him] from the charges." *See* Compl. (ECF Doc, No. 1) at 2, 3-9. Plaintiff seeks general and

punitive damages as well as the reversal of any punishment in the event he is "falsely convicted." *Id.* at 15.

Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), as well as Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF Doc. No. 3).

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

Pursuant to the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915A, the Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Because Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court must sua sponte dismiss his complaint, or any portion thereof, which "seeks redress from a governmental entity or officer or employee of a governmental entity," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Here, the Court finds that Plaintiff's action is frivolous as it is duplicative of another civil rights action Plaintiff is already litigating in this district. Indeed, Plaintiff's Complaint contains claims which are identical to those alleged in both an original and First Amended Complaint Plaintiff has filed, and which remain pending before Judge Benitez in *Davis v. Mendes, et al.,* S.D. Cal. Civil Case No. 3:13-cv-01817-BEN-RBB (ECF Doc. Nos. 1, 12). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70

F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff is already litigating the same due process, wrongful arrest, and illegal prosecution claims presented in the instant action in *Davis v. Mendes, et al.*, S.D. Cal. Civil Case No. 3:13-cv-01817-BEN-RBB, the Court hereby DISMISSES Civil Case No. 3:13-cv-02295-WQH-BLM pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## II. CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED:

1. This case is DISMISSED without prejudice as frivolous. *See* 28 U.S.C. § 1915A(b)(1). Because the Court further finds amendment would be futile, leave to amend is DENIED. *See See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

2. Plaintiff's Motions to Proceed IFP (ECF Doc. No. 2) and to Appoint Counsel (ECF Doc. No. 3) are DENIED as moot.

3. The Court further CERTIFIES that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: 3/4/14

HON. WILLIAM Q. HAYES
United States District Judge